UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**
ex rel., MCKENZIE STEPE,

    **Plaintiff,**

v.                                        Case No. 8:13-cv-3150-T-33AEP

**RS COMPOUNDING LLC d/b/a ZOE
SCRIPTS LABORATORY SERVICES,
LLC and d/b/a WESTCHASE
COMPOUNDING PHARMACY, RENIER
GOBEA, STEPHEN M. CADDICK, PharmD.,
and JOHN DOE CORPORATIONS 1-10,**
all whose true names are unknown.

    **Defendants.**

### DEFENDANTS RS COMPOUNDING'S AND RENIER GOBEA'S MOTION TO DISMISS RELATOR'S FIRST AMENDED COMPLAINT

Defendants RS Compounding and Renier Gobea, by and through undersigned counsel, moves to dismiss Relator's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity.

**I.  RELATOR'S FIRST AMENDED COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY DUE TO FAILURE TO PLEAD FRAUD WITH PARTICULARITY AS REQUIRED BY FED.R.CIV.P. 9(b)**

"Rule 9(b) applies in FCA cases."  *United States ex rel. Mastej v. Health Management Associates, Inc.,* 591 Fed.Appx. 693, 703 (11th Cir. 2014) (unpublished).  The alleged submission of an actual false claim is "the sine qua non of a False Claims Act violation." *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.,* 290 F.3d 1301, 1311 (11th Cir. 2002).  For that reason, a relator must "plead the submission of a false claim with particularity." *United States ex rel. Matheny v. Medco Health Solutions, Inc.,* 671 F.3d 1217, 1225 (11th Cir.

2012). Rule 9(b) "does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *Clausen, supra,* 290 F.3d at 1311. Rather, "some indicia of reliability must be given in the complaint to support the allegation of an actual false claim for payment being made to the Government." *Id.*

"Because it is the submission of a fraudulent claim that gives rise to liability under the False Claims Act, that submission must be pleaded with particularity and not inferred from the circumstances." *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1013 (11th Cir. 2005). The Court cannot "make inferences about the submission of fraudulent claims because such an assumption would 'strip[] all meaning from Rule 9(b)'s requirements of specificity.'" *Id., quoting Clausen*, 290 F.3d at 1312 n.21.

Although "a relator with direct, first-hand knowledge of the defendants' submission of false claims gained through her employment with the defendants may have a sufficient basis for asserting that the defendants actually submitted false claims", "[b]y contrast a plaintiff-relator without first-hand knowledge of the defendants' billing practices is unlikely to have a sufficient basis for such an allegation." *Mastej, supra,* 591 Fed.Appx. at 704, *citing United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1359 (11th Cir. 2006) (holding that Rule 9(b) was not satisfied where the relator was a doctor who did not allege first-hand knowledge of the hospital's submission of false claims). "At a minimum, a plaintiff-relator must explain the basis for her assertion that fraudulent claims were actually submitted." *Mastej, supra,* 591 Fed.Appx. at 704. "It is not enough for the plaintiff-relator to state baldly that he was aware of the defendants' billing practices …." *Id., citing Corsello*, 428 F.3d at 1013-14 (finding insufficient indicia of

reliability after noting that the relator "did not explain why he believes fraudulent claims were ultimately submitted").

"In the Eleventh Circuit, any FCA claim, including a reverse false claim [under 31 U.S.C. § 3729(a)(1)(G)] must meet the heightened pleading requirements under Rule 9(b)." *Taul ex rel. United States v. Nagel Enterprises, Inc.,* 2017 WL 432460, *11 (N.D. Ala., February 1, 2017). Similarly, a relator "must show that the government paid a false claim to prove a violation of [former] subsection 3729(a)(2) [now § 3729(a)(1)(B)]." *Hopper v. Solvay Pharmaceuticals, Inc.,* 588 F.3d 1318, 1328 (11th Cir. 2009).

Relator's First Amended Complaint fails to satisfy Rule 9(b) in any respect for multiple reasons:

1. No actual or example false claims or reverse false claims are pled.

2. Relator is a former sales representative who worked in New York and New Jersey (FAC para. 30), far from RS Compounding's office in Tampa. As a sales representative, Relator lacked any direct, first-hand knowledge of RS's submission of claims to federal health care programs. Indeed, Relator's First Amended Complaint fails to allege any such required direct, first-hand knowledge.

3. Relator fails to explain the basis for her assertion that fraudulent claims were actually submitted to federal health care programs. For example, FAC para. 84 baldly claims that "[b]ased upon her experience while employed by RS Compounding, Relator believes that Defendants have submitted" fraudulent claims to the Medicare program.

4. Relator fails to specify the specific "false certifications and representations" made or caused to be made by RS Compounding which form the based for the Second Claim alleged to violate Section 3729(a)(1)(B).

Consequently, Relator's First, Second, Third, and Fourth Claims under the federal FCA should be dismissed. In addition, the companion state FCA claims (Fifth Claim through Twenty-Third Claim) should be dismissed for the same reason since the state FCAs are modeled on the federal False Claims Act.

**II.   RELATOR'S FIRST AMENDED COMPLAINT MUST BE DISMISSED
IN ITS ENTIRETY AS TO DEFENDANT RENIER GOBEA**

For an individual to be liable under the False Claims Act, that person must have "had an active role in submitting a false claim to the government or in preparing fraudulent documents that were material to a claim to the government." *United States ex rel. Kalec v. NuWave Monitoring, LLC,* 84 F.Supp.3d 793, 802 (N.D. Ill. 2015).  So, for FCA claims against an individual like Renier Gobea to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead facts sufficient to plausibly demonstrate that person's active role in causing False Claims Act violations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Relator's First Amended Complaint fails to meet the *Iqbal* standard as to Defendant Renier Gobea.  It neither quotes nor cites any statements by Mr. Gobea to Relator or any others to direct or encourage FCA violations.  Moreover, the First Amended Complaint provides absolutely no facts to support the conclusory allegations repeatedly made against Mr. Gobea.  *See* FAC paras. 3, 9, 10, 17, 63, 65, 73, 86, 92, and 94.  These fact-free conclusory allegations do not satisfy the Relator's burden under *Iqbal*.[1]  Moreover, the First Amended Complaint also fails to meet the Rule 9(b) standard as to Renier Gobea because Relator "provide[s] no factual support for [those] conclusory allegation[s]." *United States ex rel. Boros v. Health Management Associates, Inc.,* 2013 WL 12077815, *3 (S.D. Fla., March 1, 2015).  As the Eleventh Circuit has held, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012).

---

[1] This point is made even clearer when the fact-free conclusory allegations against Mr. Gobea are contrasted to the specific directions and conversations Relator alleges receiving or having with Vice President of Sales and Marketing Jon Taylor in FAC paragraphs 16, 66, 78-80, and 85.

4

In addition, in many instances Relator cannot say whether Renier Gobea is even responsible for directing particular conduct or whether that conduct was directed by co-defendant Stephen Caddick. *See* FAC paras. 9, 10, 17, 65, and 80. Such allegations cannot possibly meet the *Iqbal* standard.

Furthermore, to hold an individual liable under the False Claims Act, "[t]he Government [is] therefore required to prove as to [the defendant] personally that she had this guilty knowledge of a purpose … to cheat the Government…." *United States v. Priola,* 272 F.2d 589, 593-94 (5th Cir. 1959). "[T]he FCA's scienter requirement [cannot] be established solely because an individual had a high-ranking position within the corporation that submitted an allegedly false claim." *United States ex rel. Landis v. Tailwind Sports Corp.,* 51 F.Supp.3d 9, 52 (D.D.C. 2014). But Relator's First Amended Complaint provides zero facts to support a plausible allegation that Mr. Gobea had the scienter necessary to violate the False Claims Act.

For all these reasons, Relator's First Amended Complaint must be dismissed under Rule 12(b)(6) as to Renier Gobea.

### III. RELATOR'S "1, 2, 3" STRATEGY ALLEGATION, HER REFILL ALLEGATION, AND HER FAILURE TO WARN PATIENTS ALLEGATION FAIL TO MEET THE *ESCOBAR* MATERIALITY STANDARD

To recover under the FCA, any alleged misconduct must have been material to the Government's decision to pay claims. As articulated by the Supreme Court, materiality under the FCA "look[s] to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Universal Health Services, Inc. v. United States ex rel. Escobar,* 136 S.Ct. 1989, 2002 (2016). This is a "demanding" and "rigorous" standard, because the FCA is neither "an all-purpose antifraud statute" nor "a vehicle for punishing garden-variety breaches." *Id.* at 2003. Whether this element has been adequately pled is appropriate for resolution on a motion

5

to dismiss. *See Id*. at 2004 n.6 ("We reject Universal Health's assertion that materiality is too fact intensive for courts to dismiss False Claims Act cases on a motion to dismiss or at summary judgment").

Relator's "1, 2, 3" strategy allegation (FAC paras. 9, 14, 65-70), her refill allegation (FAC paras. 10, 18, 63), and her failure to warn patients allegation (FAC paras. 87-92)[2] do not meet the demanding *Escobar* materiality standard because they completely fail to allege a factual basis demonstrating why these allegations, if true and known to the Government, would have caused the Government not to pay these claims. Consequently, these allegations should be dismissed.

### IV. RELATOR'S SECOND CLAIM FAILS TO MEET THE RULE 9(b), *ESCOBAR* MATERIALITY, AND *IQBAL* STANDARDS

Relator's Second Claim asserts that all defendants knowingly made, used, or caused to made and used, false records or statements material to false or fraudulent claims, specifically "the false certifications and representations made or caused to be made by RS Compounding." This claim should be dismissed for three reasons. First, the FAC fails to specify what precisely the "false certifications and representations" made by RS Compounding are, as required by Rule 9(b). Second, the FAC fails to provide a plausible factual basis to support the allegation that these unidentified certifications and representations were in fact "material" to payment, as alleged. Third, the FAC does not contain sufficient facts regarding this claim to meet the *Iqbal* standard.

---

[2] Moreover, it is unclear why RS Compounding sales representatives would have any duty to warn patients since RS simply filled prescriptions written by physicians who had presumably examined the patients and made an independent professional medical decision to write the prescriptions which RS filled.

**V.     RELATOR'S THIRD CLAIM FAILS TO MEET THE RULE 9(b), *ESCOBAR* MATERIALITY, AND *IQBAL* STANDARDS**

Relator's Third Claim asserts that all defendants knowingly made, used, or caused to be made and used, false records or statements material to an obligation to pay money to the Government or knowingly concealed, avoided or decreased an obligation to pay money to the Government.  This claim should be dismissed for three reasons.  First, the FAC fails to specify precisely what precisely both the "false certification made or caused to be made by Defendants" and the "obligation" was, as required by Rule 9(b).  Second, the FAC fails to provide a plausible factual basis to support the allegation that these unspecified certifications were in fact "material" to the unidentified obligations.  Third, the FAC does not contain sufficient facts regarding this claim to meet the *Iqbal* standard.

**VI.    RELATOR'S FOURTH CLAIM FAILS TO MEET THE RULE 9(b) AND *IQBAL* STANDARDS**

Relator's Fourth Claim alleges that all defendants "have conspired to make or present false or fraudulent claims and performed one or more acts to effect payment of false or fraudulent claims."  "[B]ut this bare legal conclusion was unsupported by specific allegations of any agreement or overt act" and consequently should be dismissed "for failure to comply with Rule 9(b)." *Corsello, supra*, 428 F.3d at 1014.  In addition, the FAC also fails to provide a plausible factual basis to support this conspiracy allegation as required by *Iqbal*.

**VII.   RELATOR'S "DISPARATE PRICING" CLAIM HAS BEEN SUPERSEDED BY THE GOVERNMENT'S AMENDED COMPLAINT IN PARTIAL INTERVENTION**

Where, as here, the Government partially intervenes in a relator's False Claims Act case, "by automatic operation of the statute, the Government's complaint in intervention becomes the operative complaint as to all claims in which the government has intervened." *United States ex rel. Sansbury v. LB & B Associates, Inc.,* 58 F.Supp.3d 37, 47 (D.D.C. 2014;) *United States ex*

*rel. Bilotta v. Novartis Pharmaceuticals Corp.,* 50 F.Supp.3d 497, 511-12 (S.D.N.Y. 2014); *United States v. Public Warehousing Company K.S.C.,* 2017 WL 1021747, *4 (N.D. Ga., March 16, 2017). Put another way, "[t]he government's complaint supersedes the relator's, but only as to those claims in which the government has decided to intervene." *Public Warehousing, supra,* at *4.

In this case, Relator's "disparate pricing" claim has been intervened in by the Government and re-labeled as the Government's usual and customary pricing allegation. Consequently, the disparate pricing allegations in paragraphs 15, 17, 19-20, 73, 76-81, 83-84, and 86 of Relator's First Amended Complaint have been superseded by the Government's Amended Complaint in Partial Intervention.

                                              Respectfully submitted,

                                              */s/ Kevin J. Darken*
                                              Kevin J. Darken
                                              Florida Bar No. 0090956
                                              **The Barry A. Cohen Legal Team**
                                              201 East Kennedy Blvd.
                                              Suite 1950
                                              Tampa, FL 33602

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of September, 2017, a true and correct copy of the foregoing *Defendants RS Compounding's and Renier Gobea's Motion To Dismiss Relator's First Amended Complaint* was served to all counsel of record via CM/ECF electronic filing.

    */s/ Kevin J. Darken*
Kevin J. Darken
Florida Bar No. 0090956
Barry A. Cohen, P.A.
201 East Kennedy Blvd., Suite 1950
Tampa, Florida  33602
Telephone: (813) 225-1655
Fax:           (813) 225-1921
Emails: kdarken@tampalawfirm.com;
        iward@tampalawfirm.com