UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case 8:13-cv-03150-VMC-AEP

_____

| | |
|---|---|
| UNITED STATES OF AMERICA and the | ) |
| COMMONWEALTH OF VIRGINIA, the | ) |
| COMMONWEALTH OF | ) |
| MASSACHUSETTS, and the States of | ) |
| CALIFORNIA, COLORADO, | ) |
| DELAWARE, FLORIDA, GEORGIA, | ) |
| ILLINOIS, INDIANA, LOUISIANA, | ) |
| MARYLAND, NEVADA, NEW JERSEY, | ) |
| NEW MEXICO, OKLAHOMA, | ) |
| TENNESSEE, TEXAS, and the | ) |
| policyholders of XYZ Nos. 1-10 Insurance | ) |
| Companies, | ) |
| | ) |
| ex rel., MCKENZIE STEPE, | ) |
| | |
| Plaintiffs, | |
| v. | |
| | |
| RS COMPOUNDING LLC d/b/a ZOE | ) |
| SCRIPTS LABORATORY SERVICES, LLC, | ) |
| and d/b/a WESTCHASE | ) |
| COMPOUNDING PHARMACY, | ) |
| RENIER GOBEA, | ) |
| STEPHEN M. CADDICK, Pharm.D., and | ) |
| JOHN DOE CORPORATIONS 1-10, all | ) |
| whose true names are unknown, | ) |
| | |
| Defendants. | |

_____

## DEFENDANT STEPHEN CADDICK'S, Pharm D, MOTION TO DISMISS RELATOR'S FIRST AMENDED COMPLAINT

Defendant, STEPHEN CADDICK'S, Pharm.D.'s, through undersigned counsel and pursuant to FED. R. CIV. P. 9(b) and FED. R. CIV. P. 12(b)(6), moves to dismiss Relator's first amended complaint in its entirety directed to this Defendant for failure to plead the fraud

allegations within the first amended complaint with particularity and failure to state a claim upon which relief can be granted and in support states as follows:

## I.        STANDARD OF REVIEW AND LEGAL PRINCIPLES WHEN EVALUATING A MOTION TO DISMISS UNDER THE FCA

1.        When considering a motion to dismiss under Rule 12(b)(6), the court must a accept all factual allegations in the complaint as true, construing the allegations and reviewing all reasonable inferences in light most favorable to the Plaintiff.   *Castro v. Secretary of Homeland Security,* 472 F. 3d 1334, 1336 (11th Cir. 2006); *Hill v. White,* 321 F. 3d 1334, 1335 (11th Cir. 2003).   Defendant admits Rule "8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief.'"   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Commonly, "specific facts are not necessary; the statement need only" 'give the Defendant fair notice of what the…claim is and the grounds upon which its rests.'" *Id.* (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Nevertheless, a complaint's factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  Twombly, 550 U. S. at 555" (internal citations and quotations omitted).  As a result, a Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

2.        Indeed, "the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions."   Ashcroft v. Iqbal, 556 U.S.662, 678 (2009).   When considering a motion to dismiss, a court should: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Amer. Dental Ass'n* v. Cigna Corp. 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 550 U.S. 679)).

3.     Rule 9(b) applies in FCA cases.  *United States of America, ex. rel. Clausen v. Lab. Corp. of Am.,Inc.* 290 F.3d 1301, 1308-09 (11th Cir. 2002).  A FCA complaint must therefore "state with particularity the circumstances constituting fraud or mistake."   FED. R. CIV. P. 9(b)."  The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *United States, ex rel. Adkins v. McInteer,* 407 F.3d 1350, 1359 (11th Cir. 2006) (quotation marks omitted).  An FCA complaint satisfies Rule 9(b) if it sets forth facts such as the time, place and substance of the Defendant's alleged fraud, specifically detailing the Defendant's fraudulent actions, when they occurred and who engaged in them."  *Hopper v. Solvay Pharm., Inc.*, 588 F. 3d 1318, 1324 (11th Cir. 2009) (quotation marks omitted).

4.     To begin, since the submission of an actual claim to the government for payment is "the sine qua non*"* of an FCA violation, *Clausen,* 290 F. 3d at 1311, the Plaintiff/ Relator must "plead the submission of a false claim with particularity," *United States, ex rel. Matheny v. Medco Health Solutions, Inc.*" 671 F. 3d 1227, 1225 (11th Cir. 2012).  To accomplish this task, "A relator must identify the particular document and statement alleged to be false, who made or used it, when the statement was made, how the statement was false, and what the Defendants obtained as a result." *Id*.  *The Plaintiff in the amended complaint fails to satisfy this pleading threshold against this Defendant.*

5.     Defendant submits Rule 9(b) "does not permit a False Claim Act Plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the government."  *Clausen*, 290 F. 3d at 311 (emphasis added).  Instead, "Some indicia of reliability must be given in the complaint to support the allegation of an actual false claim for payment being made to the government."  In short, a court evaluates "whether

the allegations of a complaint contain sufficient indicia of reliability to satisfy Rule 9(b) on a case by case basis." *Adkins*, 407. F.3d at 1358.  Examples include, by providing exact billing data-- name, date, amount, and services rendered or attaching a representative sample claim is one way a complaint can establish the necessary indicia of the reliability that a false claim was actually submitted.  *See, e.g., Hooper,* 588 F.3d at 1326; *Adkins*, 470 F.3d 1358.   While there is no per se rule under that a Relator must provide exact billing data or attach a representative sample claim, allegations relating to date, time and place satisfy the Rule 9(b) requirement that the circumstances of alleged fraud must be pleaded with particularity, but an alternative means are also available to satisfy the rule.  *See, Durham v. Bus. Mgmt Assocs., et al,* 847 F. 2d 1505, 1512 (11th Cir 1988). Defendant acknowledges a Plaintiff /Relator without firsthand knowledge of Defendant's billing practices is unlikely to have a basis for such an allegation.  *Adkins*, 470 F. 3d at 1359.  Further, a corporate outsider likely does not have the requisite access to learn enough about a Defendant's billing practices.  (*See*, *Clausen,* 290 F. 3d. at 1314) (noting "that a corporate outsider's lack of information about the Defendant's billing practices makes it more difficult to gather the facts with specifics necessary to meet Rule 9(b)'s requirements".)

6.      At a minimum, a Plaintiff/Relator must explain the basis for his or her assertion that fraudulent claims where actually submitted.  *See Corsello v. Lincare, Inc*., 428 F. 3d 1008, 1013-14 (11th Cir. 2005) (finding insufficient indicia of its reliability after noting that the Relator "did not explain his belief why fraudulent claims will ultimately submitted").  It is not enough for plaintiff-relator to state baldly that he was aware of the defendant's billing practices, *See id., at 1014,* to base his knowledge on rumor*s, See Adkins,* 470 F. 3d at 1359 or to offer only conjecture about the source of his knowledge.  *See, United States, ex. rel. Sanchez v. Lymphatx, Inc.* 596 F.3d 1300, 1303 n.4 (11th Cir. 2010).

7.     Defendant notes in *U.S. ex rel. Jallali v. Sun Healthcare Group, Inc. et al*, 2015 W.L. 10687577 (S.D. Fla. September 17, 2015).  Judge Kathleen Williams held that the Relator must satisfy Rule 9(b) requirement to plead with such specificity as to each element of his or her FCA claim.  In *Jallali*, the Relator focused primarily on Defendants "allegedly deceptive record keeping, alterations of charts and falsified physician approvals."  *Jallali* provided plenty of detail about the Defendants allegedly fraudulent scheme both in her complaint and at a hearing the District Court held on the motion to dismiss.

8.     Despite detailed allegations of the Defendants' fraud, Judge Williams observed in that case, that "Relator appears to conflate the internal processes of maintaining patient records with the separate act of billing the government. It is not enough, the court, explained for a Relator to describe a false claim allegedly committed by the Defendants.  As "recognized" by the 11th Circuit in *Corsello v. Lincare, Inc.*, 428 F. 3d 1008, 1014 (11th Cir. 2005), Judge Williams opined Relator's pleading is insufficient if he or she "provided the who, what, where, when, and how of improper practices, but he or she failed to allege who, what, where, when and how of the fraudulent submissions to the government." In short, Rule 9(b) requires the Relator to "link" the fraudulent act to the alleged claim submitted" by the Defendant.  Simply put, the Plaintiff in this action is incapable of demonstrating or alleging any "link" or "nexus" between the alleged fraudulent acts and any conduct of this Defendant, regardless of how creative the Plaintiff has been in its allegations against the individual Defendant, CADDICK.

9.     In summary, the *Jallali* court reminded all FCA claimants, that the following elements must be met in order to survive a motion to dismiss:

1. Each element of a FCA claim must meet Rule 9(b);

2.   The Court "disregards conclusory statements regarding the Defendants allegedly fraudulent submissions to the government and requires a factual basis for the conclusory statements;

3.   The  court will not accept Relator's claim of personal knowledge of billing if Relator only alleged that she had a "reliable indication that claims were fraudulently submitted to Medicare for payment";

4.   The Relator failed to alleged the "who, what, where, when, and how" of any specific false claims for payment;

5.   That although Relator provided "voluminous documents and allegations regarding improper internal practices"…"Nowhere in the blur of facts and documents… one can find any allegations, stated with particularity, of a false claim actually being submitted to the government."  Accordingly, it is against the above standard of review and legal principles that this court must examine whether the Relator's first amended complaint would survived Defendant's Motion to Dismiss".

10.   **Defendant** submits in *Iqbal, supra,* the court expanded the reach of *Twombly, supra,* holding that all federal civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusations".  In other words, rather than merely showing a conceivable right to relief, a Plaintiff's complaint must show a plausible, factual right to the relief sought against a Defendant.

11.   Defendants submits the Relator's first amended complaint fails to state a cause of action for which relief can be granted inasmuch as if fails to satisfy Rule 9(b) in any respect for the below discussed reasons:

1.   The Relator is a former sales representative who worked in New York and New Jersey "(FAC Paragraph 30)". This location was far from RS Compounding office's

location in Tampa, Florida.  Accordingly, Relator failed to possess any personal knowledge of RS's claims to federal healthcare programs.  Rather, Relator was incapable of alleging any required direct firsthand knowledge of any fraudulent submissions to the government by any of the Defendants, let alone Defendant, Caddick.  The Relator's assertion in FAC Par 84, is the legal conclusion that "based upon her experience while employed RS Compounding, relator believes that Defendants have submitted" fraudulent claims to the Medicare program.

2. Relator fails to specify with particularity the "self-certifications and representations" made or caused to be made by any of the Defendants which form the basis for the statutory violations. Conversely, the relator's first, second, third and fifth claims under the Federal FCA should be dismissed.  The standard  claims should any remain pending "fifth through 23rd claim" should be dismissed for the same reasons since they are patterned under the Federal FCA.

3. Defendant CADDICK notes that to be liable under the FCA, a person must have "had an active role in submitting the false claims to the government and preparing fraudulent documents that were material to a claim to the government"  *United States, ex rel. Kalec v. NuWave Monitoring, LLC.*, 84 F. Supp 3d 793-802 (N.D. Ill. 2015).  No such direct allegation in the FAC are isolated or directed toward individual Defendant, CADDICK.

12. In the present case, the relator's first amended complaint fails to meet the *Ibqal* and *Kalec v. NuWave's* standards as to the individual Defendant. Rather relator's FCA Paragraphs 35, 36, 63 65 through 73, 85, 86 and 94 directed to Defendant CADDICK fail the materiality test, fail to detail with specificity and particularity, any fraudulent conduct committed by Defendant, CADDICK, and are based upon bare bones legal conclusions unsupported by factual allegations.

The pleader cannot plead legal conclusions that masquerade as factual allegations, contrary to the dictates of *Ibqal* and *Twombley*.

13.     In short, the 11th Circuit has reminded litigants, "if allegations are deemed more conclusory than factual, then the court does not have assume their truth."   *Chaparo v.Quantico Corp*., 693 F 3d. 1333-37 (11th Cir. 2012).  Indeed to impose civil liability under the FCA, the government is required to prove that the individual defendant that he or she had a guilty knowledge of a purpose…to cheat the government…  *See United States v. Priola*, 272 F.2d 589-593 (5th Cir. 1959).  The FCA scienter requirement cannot be met solely because an individual has a hierarchy position within the corporation that's submitted under the alleged false claim. *United States ex rel. Landis v. Talewind Sports Corp*., 51 F Supp. 3d 9 52 DBC 2014).  Defendant, CADDICK's position within the LLC, is insufficient to impose FCA liability.  Rather, as noted herein, there must be a "link" or "nexus" between the Defendant's conduct and the alleged fraudulent acts or statutory violations directed toward this Defendant.  Mere legal conclusions should not and do not, from a pleading standpoint, impose individual FCA civil jeopardy.  Stated in a different vein, the first amended complaint in this action is woefully deficient with respect to its allegations directed toward Defendant, CADDICK.

14.     Defendant, CADDICK, adopts Co-Defendant's RS Compounding and Reiner Gobea's motion to dismiss first amended complaint to the extent that it seeks to dismiss Relators' "I, II, III" strategy allegations, her refill allegations, and failure to warn patient's allegation since these allegations fail to meet the *Escobar* standard (*Universal Health Services, Inc. v. United State ex rel Escobar*, 136 S. Ct. 1989 (2016)). Further, Defendant, CADDICK, adopts Co-Defendants' arguments that relators' second claim fails to meet the Rule 9(b) *Iqbal* materiality and *Iqbal* standards.  That is, the relator fails to specify what suffices as "the false certifications and representations" made by the Defendants are, fails to provide a plausible factual basis to support

the allegations for unidentified certifications and representation were in fact, " material" to payment as alleged and does not contain sufficient facts to meet the standard set forth in *Iqbal*.

15.     Relator's third claim fails to meet the Rule 9(b) Escobar materiality and *Iqbal* Standards, as does the Fourth claim.  In other words, their allegations that Defendants knowingly made, used, or caused to be made and used false records or statements material to obligation to pay money to the government or knowingly concealed, avoided or decreased an obligation to pay money to the government, lack the specificity requirement by Rule 9(b) and to meet the materiality requirement of Federal and Supreme case law and fails to meet the sufficient fact standard set forth in *Iqbal*.

16.     In summary the Relator's' "disparate pricing" claim has been superseded by the government's complaint for partial intervention.

## II.     CONCLUSION
**Court should dismiss the first amended complaint directed to Defendant, CADDICK, for failure to state a cause of action upon which relief can be granted (12(b)(6) and for failure to satisfy the pleading requirements of Rule 9(b)**

17.     The allegations against Defendant, CADDICK, in paragraphs 35, 36, 63, 65 through 73, 85, 86 and 94 simply fail to meet the standards set forth *Iqbal, Twombley, Escobar* and even those imposed upon relator litigants by Judge Kathleen Williams in *Jallali v. Sun Healthcare Group*.  Accordingly, the Eleventh Circuit mandates that the heightened requiring Rule 9(b) applies to actions brought under the FCA.  *Hooper v. Solvey Pharmaceuticals, Inc*., 588 F.3d at 1318-1324 (11th Cir. 2009); *Corsello v. Lincare*, s*upra; Clausen*, *supra*.  In sum, Rule 9(b) mandates that in all allegations of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity".  This particularity requirement serves several purposes:  First, the Rule ensures that the Defendant has sufficient information to formulate a defense by putting Defendant on notice of the conduct complained… Second, the rule exists to protect Defendant from further

suits. The third reason for the Rule is to eliminate fraud actions in which all the facts are learned after discovery.   Finally, Rule 9(b) protects Defendants from harm to their good will and reputation. *U.S. ex rel. Steinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.,* (755 F. Supp 1055, 1056-57 S.D.Ga. 1990).   As a result, failure to satisfy the pleading requirement of Rule 9(b) is grounds for dismissal.   *Adkins v. McInteer,* 407 F.3d 1350 (11th Cir. 2006).

18.     And at last, the relator and government fail to allege with particularity the very things they must allege under Rule 9(b) in order to establish the following:

1.   Plaintiffs fail to allege the "who; which individuals were affected by the alleged fraud; which individuals were involved; and who submitted the billing.

2.    The Plaintiffs fail to allege the "when" the fraudulent conduct occurred and the specific dates that the false claims were presented to the government. *See U.S. ex. rel. Carroll v. JFK Medical Center*, 2002 W L 31941007 at footnote 3 (S.D. Fla 2002) noting Relators must provide concrete instances of fraudulent doing to satisfy the Rule 9(b) particularity requirement."

3.   Further, relators fail to allege the "where" the alleged conduct took; where the billing was submitted; and the geographic scope of the alleged conduct. *Corsello v. Lincare*, *supra*.

19.     The Plaintiff fails to allege the "what", the "how", and what was billed, the amount billed, where the billing occurred, by whom, the invoices submitted for payment and the dates those individuals engaged in the fraudulent conduct.   *See Clausen, supra*.   In fact, all the specific or general allegations against Defendant, CADDICK, with respect to all claims (fraud and statutory) fail to meet the minimum pleading standards imposed upon the Plaintiff pursuant to the Federal Rules of Civil Procedure, and applicable federal precedent.

WHERFORE, based upon the above and other matters to be argued on an ore tenus basis at a hearing on the motion to dismiss, Defendant, CADDICK, moves this court to dismiss the first amended complaint for failure to state a cause of action upon which relief can be granted. (Rule 12(b)(6), and fails to satisfy the pleading requirement of Rule 9(b) to plead fraud against this Defendant with particularity and to grant such other and further relief as the court may deem just and proper under the circumstances.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF to the following attorneys of record listed below and an electronic notification was sent to the following:

Robert A. Magnanini, Esq.,
STONE & MAGNANINI LLP
100 Connell Drive, Suite 2200
Berkeley Heights, New Jersey 07922
rmagnanini@stonemagnalaw.com

G. Wrede Kirkpatrick, Esq.
Hines Norman Hines, P.L.
315 S. Hyde Park Avenue
Tampa, Florida 33606
wkirkpatrick@hnh-law.com
Attorneys for Plaintiff/Relator McKenzie Stepe

This 11th day of October, 2017.

**KAPLAN & SCONZO, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919

By: **/s/ STUART N. KAPLAN**
STUART N. KAPLAN, ESQUIRE
Florida Bar No.: 0647934
skaplan@kspalaw.com
Secondary Email: jwise@kspalaw.com