UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel., MCKENZIE STEPE,

    Plaintiff,

v.                                  Case No. 8:13-cv-3150-T-33AEP

RS COMPOUNDING LLC d/b/a ZOE
SCRIPTS LABORATORY SERVICES,
LLC and d/b/a WESTCHASE
COMPOUNDING PHARMACY, RENIER
GOBEA, STEPHEN M. CADDICK, PharmD.,
and JOHN DOE CORPORATIONS 1-10,
all whose true names are unknown.

    Defendants.

## DEFENDANT RENIER GOBEA'S MOTION TO DISMISS THE UNITED STATES' AMENDED COMPLAINT IN PARTIAL INTERVENTION

Defendant Renier Gobea, by and through undersigned counsel, moves pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) to dismiss the United States' Amended Complaint in Partial Intervention served on September 1, 2017.

## LEGAL BACKGROUND

"At the pleading stage" a False Claims Act complaint "cannot merely recite the elements of a cause of action but must contain factual allegations sufficient to raise the right to relief above the speculative level." *United States ex rel. Matheny v. Medco Health Solutions, Inc.,* 671 F.3d 1217, 1222 (11th Cir. 2012), *citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In addition, an FCA complaint "must comply with Rule 9(b)'s heightened pleading standard, which requires a party to 'state with particularity the circumstances constituting fraud or mistake." *Matheny, supra,* 671 F.3d at 1222, quoting Rule 9(b). "The purpose of Rule 9(b) is

to 'alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges ….." *Id*. "The particularity requirement of Rule 9(b) is satisfied if the complaint alleges 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id., quoting Hopper v. Solvay Pharmaceuticals, Inc.,* 588 F.3d 1318, 1324 (11th Cir. 2009).

For an individual to be liable under the False Claims Act, that person must have "had an active role in submitting a false claim to the government or in preparing fraudulent documents that were material to a claim to the government." *United States ex rel. Kalec v. NuWave Monitoring, LLC,* 84 F.Supp.3d 793, 802 (N.D. Ill. 2015). Therefore, for FCA claims against an individual like Renier Gobea to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead facts sufficient to plausibly demonstrate that person's active role in causing False Claims Act violations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"In the Eleventh Circuit, any FCA claim, including a reverse false claim, must meet the heightened pleading requirements under Rule 9(b)." *Taul ex rel. United States v. Nagel Enterprises, Inc.,* 2017 WL 432460, *11 (N.D. Ala., February 1, 2017). *See also United States ex rel. RBC Four Co., LLC v. Walt Disney Co.,* 2013 WL 12131741, *2 (C.D. Cal., August 9, 2013) ("To state a claim under Section 3729(a)(1)(G), a plaintiff must meet the heightened pleading standard of Fed.R.Civ.P. 9(b) that applies to claims sounding in fraud"). This means that "the plaintiff relator [or the Government] is required to identify an obligation to re-pay the government and allege other details of the [reverse false] claim with particularity." *Taul, supra,* at *12. A reverse false claim count must be dismissed if the Government "has not pled facts as

to the time, place, or substance of any retained overpayments sufficient to sustain a reverse false claim under Rule 9(b)." *Id.* at *13.

"To sustain a reverse false claim action, relators must show that the defendants owed an obligation to pay money to the United States at the time of the allegedly false statements." *Matheny, supra,* 671 F.3d at 1223. *Id.* For reverse false claim liability to exist under the FCA, "[t]here must be a 'clear' obligation or liability to the Government." *United States v. DeFelice,* 2015 WL 7018018, *2 (E.D. Okla., November 10, 2015), *quoting United States ex rel. Petratos v. Genentech, Inc.,* 2015 WL 6561240, *9 (D.N.J., October 29, 2015). In part, this is because "Congress wanted the obligation to pay the government to be more than hypothetical." *United States ex rel. Scharber v. Golden Gate National Senior Care, LLC,* 135 F.Supp.3d 944, 966 (D. Minn. 2015), citing 155 Cong.Rec. S4539 (daily ed. April 22, 2009) (statement of Senator Kyl) ("Obviously, we don't want the Government or anyone else suing under the False Claims Act to treble and enforce a fine before the duty to pay that fine has been formally established"). Accordingly, "before the government has actually levied any fines or demands for repayment … allowing reverse FCA claims here would be too speculative." *Id.*

Under 31 U.S.C. § 3729(a)(1)(G)'s reverse false claim provision, "the scienter required for liability under this portion of the FCA is concealment or improper avoidance of an obligation to pay the government that is done knowingly." *DeFelice, supra,* at *2. As the Sixth Circuit has held, "31 U.S.C. § 3729(a)(1)(G)'s new scienter requirement … should be interpreted to apply to both the existence of a relevant obligation and the defendant's own avoidance of that obligation." *United States ex rel. Harper v. Muskingum Watershed Conservancy District,* 842 F.3d 430, 436 (6th Cir. 2016).

I. **THE UNITED STATES' AMENDED COMPLAINT IN PARTIAL INTERVENTION MUST BE DISMISSED IN ITS ENTIRETY AS TO DEFENDANT RENIER GOBEA BECAUSE IT FAILS TO PLEAD FACTS SUFFICIENT TO PLAUSIBLY DEMONSTRATE RENIER GOBEA'S ACTIVE ROLE IN CAUSING FCA VIOLATIONS OR UNJUST ENRICHMENT AND RENIER GOBEA'S SCIENTER.**

The United States' Amended Complaint in Partial Intervention fails to meet the *Iqbal* standard as to Renier Gobea because it does not plead facts sufficient to plausibly demonstrate Mr. Gobea's active role in causing False Claims Act violations or any unjust enrichment. It neither quotes nor cites any statements by Mr. Gobea to direct or encourage FCA violations. In particular, it cites absolutely no facts in support of its conclusory allegations in paragraphs 60 and 66-68 that Mr. Gobea knowingly caused false claims to be submitted to TRICARE and knowingly caused false records and statements material to such claims.

Moreover, the Government's complaint also fails to meet the Rule 9(b) standard as to Renier Gobea because Relator "provide[s] no factual support for [those] conclusory allegation[s]." *United States ex rel. Boros v. Health Management Associates, Inc.,* 2013 WL 12077815, *3 (S.D. Fla., March 1, 2015) (dismissing complaint under Rule 9(b)).[1] As the Eleventh Circuit has held, "if the allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012).

Moreover, the Government's complaint also cites no facts to support its conclusory allegation that Mr. Gobea acted with the necessary scienter. To hold an individual liable under the False Claims Act, "[t]he Government [is] therefore required to prove as to [the defendant] personally that she had this guilty knowledge of a purpose … to cheat the Government ….."

---

[1] "[S]ince the unjust enrichment claim … rests on [fraud] …, it too must satisfy Rule 9(b)." *Allstate Indemnity Co. v. Florida Rehab & Injury Centers Longwood, Inc.,* 2016 WL 7177624 * 3 (M.D. Fla., July 26, 2016).

4

*United States v. Priola,* 272 F.2d 589, 593-94 (5th Cir. 1959). "[T]he FCA's scienter requirement [cannot] be established solely because an individual had a high-ranking position within the corporation that submitted an allegedly false claim." *United States ex rel. Landis v. Tailwind Sports Corp.,* 51 F.Supp.3d 9, 52 (D.D.C. 2014). But the Government complaint contains no facts to support its conclusory scienter allegations against Mr. Gobea in paragraphs 60, 66-68 and 80-81.

For all these reasons, the Government's complaint must be dismissed under Rules 9(b) and 12(b)(6) as to Renier Gobea.

## II. THE FCA CLAIMS IN THE UNITED STATES' AMENDED COMPLAINT IN PARTIAL INTERVENTION MUST BE DISMISSED AS TO RENIER GOBEA BECAUSE THEY ALLEGE A MERE CONTRACTUAL BREACH.

The Government's usual and customary pricing FCA theory is premised on RS Compounding violating its contractual obligation under the Express Scripts Network Provider Manual to charge TRICARE no more than its usual and customary price. But "a mere breach of contract does not give rise to liability under the False Claims Act." *United States ex rel. Yannacopoulos v. General Dynamics,* 652 F.3d 818, 824 (7th Cir. 2011); *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1057 (9th Cir. 2011) ("[B]reach of contract claims are not the same as fraudulent conduct claims, and the normal run of contractual disputes are not cognizable under the [FCA]"), *quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 383 (4th Cir. 2008).

That is because "making a promise that one intends not to keep is fraud and actionable under the FCA," but "an after-the-fact breach that was not planned at the time the contract was entered into is just that: a breach." *United States ex rel. Upton v. Family Health Network, Inc.,* 900 F.Supp.2d 821, 834 (N.D. Ill. 2012), *quoting United States ex rel. Tyson v. Amerigroup*

5

*Illinois, Inc.,* 488 F.Supp.2d 719, 725 (N.D. Ill. 2007). But there is no allegation in the Government's complaint that RS Compounding entered into its contract with Express Scripts on behalf of the TRICARE program with the intent to violate the usual and customary price provision.[2] To the contrary, the Government admits in its complaint that once RS Compounding realized its mistake in late January 2014, RS promptly corrected it effective February 1, 2014. Paragraphs 47-52. Therefore, RS's conduct constitutes merely a breach of contract and not a violation of the False Claims Act.

### III. THE THIRD CLAIM OF THE UNITED STATES' AMENDED COMPLAINT IN PARTIAL INTERVENTION MUST BE DISMISSED AS TO DEFENDANT RENIER GOBEA.

The Government's Third Claim (reverse false claim) must be dismissed as to Renier Gobea for two reasons.

First, the Government's complaint fails to allege the required "clear" obligation to repay money to the TRICARE program. Unlike in *Matheny*, the Government has failed to cite to any contractual repayment provision which forms the basis for the required "clear" repayment obligation. "In addition to failing to provide any details about the source of the alleged [repayment] obligation, [the Government] also fails to specify the parameters of that obligation, such as what triggers the duty to repay and what sort of repayment it requires. Because the amended complaint provides none of this information, it is plainly insufficient under Rule 9(b)." *Pencheng Si v. Laogai Research Foundation,* 71 F.Supp.3d 73, 96 (D.D.C. 2014).

There is "no legal support for the proposition that [a provider] had an obligation under 31 U.S.C. § 3729(a)(1)(G) to return funds to the government simply because it knew the funds were

---

[2] For example, paragraph 34 alleges that RS submitted claims to TRICARE for compound drugs as early as September 2011. But the usual and customary pricing violation is alleged in paragraph 45 to start later, on January 1, 2012.


fraudulently obtained and that the government was the original source of the funds." *United States ex rel. Lutz v. Berkeley Heartlab, Inc.,* 247 F.Supp.3d 724, 733 (D.S.C., March 23, 2017). Rather, the Government must "allege the specific sources of [the defendant's] preexisting obligation" in order to satisfy Rules 9(b) and 12(b)(6). *United States ex rel. Tamanaha v. Furukawa Am., Inc.,* 445 Fed.Appx. 992, 994 (9th Cir. 2011) (unpublished memorandum opinion).

The Government's failure to allege the factual basis of the required clear obligation to repay money to the TRICARE program mandates dismissal of the Government's Third Claim. *Id.* (dismissing § 3729(a)(1)(G) claim); *United States ex rel. RBC Four Co., LLC v. Walt Disney Co.,* 2013 WL 12131741, *3 (C.D. Cal., August 9, 2013) (dismissing § 3729(a)(1)(G) claim where relator's complaint "is devoid of any facts showing a particular legal obligation that Disney avoided by making allegedly false representations to the Government"); *United States ex rel. George v. Fresenius Medical Care Holdings, Inc.,* 2014 WL 12607797, *6 (N.D. Ala., March 31, 2014) (dismissing § 3729(a)(1)(G) claim where relators' complaint "make[s] no assertion regarding an obligation to remit overpayments").

Second, the Government's complaint fails to adequately allege facts showing that Renier Gobea was aware of both a repayment obligation by RS and RS's violation of that obligation. *Harper, supra,* 842 F.3d at 437-38 (dismissing reverse false claim allegation "[b]ecause the relators have not pleaded facts that show such awareness"). Paragraphs 49-51 allege merely that Renier Gobea was "sent the new policy via email" under which RS "ceased offering the same compounds to cash and insured payers" effective February 1, 2014. Paragraphs 49-51 fail to contain any facts supporting allegations that Mr. Gobea "was aware of a potential obligation but knowingly elected to do nothing or took steps to avoid payment." *United States ex rel. Harper v.*

*Muskingum Watershed Conservancy District,* 2015 WL 7575937, *10 (N.D. Ohio, November 25, 2015).

IV. **THE VEIL PIERCING ALLEGATIONS IN PARAGRAPHS 83-87 MUST BE DISMISSED AS TO DEFENDANT RENIER GOBEA BECAUSE THEY FAIL TO PLEAD FACTS SUFFICIENT TO ALLEGE THAT RS COMPOUNDING OR MR. GOBEA ABUSED THE CORPORATE (LLC) FORM TO VIOLATE THE FALSE CLAIMS ACT.**

To properly allege a veil piercing theory "[i]n the context of an action brought under the FCA, the complaint must include allegations that Defendants abused their corporate forms to insulate themselves from FCA violations …." *United States ex rel. Lawson v. Aegis Therapies, Inc.,* 2013 WL 5816501, *4-5 (S.D. Ga., October 29, 2013). Put another way, the Government's complaint must allege that "[t]he misuse of [the corporate owner's] control … proximately cause[d] the harm or unjust loss complained of." *United States ex rel. Yeager v. Dothan Diagnostic Imaging, Inc.,* 2007 WL 2774340, *4 (M.D. Ala., September 24, 2007). Here, however, the veil piercing allegations in paragraphs 83-87 fail to allege that any asserted "fail[ure] to observe corporate formalities" in any way proximately caused any harm to the Government or were done to insulate Mr. Gobea from liability for FCA violations.

Therefore, paragraphs 83-87 and the veil piercing theory should be dismissed as to Renier Gobea because the Government's complaint contains no facts required to support the plausibility of its veil piercing theory.

Respectfully submitted,

*/s/ Kevin J. Darken*
Kevin J. Darken
Florida Bar No. 0090956
**The Barry A. Cohen Legal Team**
201 East Kennedy Blvd.
Suite 1950
Tampa, FL 33602

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of October, 2017, a true and correct copy of the foregoing *Defendant Renier Gobea's Motion To Dismiss The United States' Amended Complaint in Partial Intervention* was served to all counsel of record via CM/ECF electronic filing.

    */s/ Kevin J. Darken*
Kevin J. Darken
Florida Bar No. 0090956
Barry A. Cohen, P.A.
201 East Kennedy Blvd., Suite 1950
Tampa, Florida  33602
Telephone: (813) 225-1655
Fax:	(813) 225-1921
Emails: kdarken@tampalawfirm.com;
        iward@tampalawfirm.com